UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  
    Kelly D. Jull,  
    Heather S. Jull,

        Debtors.

Chapter 7  
Case No. 24-60507

**RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTION**

TO:    The United States Bankruptcy Court, the United States Trustee, the Chapter 7 Trustee, and all parties who have requested notice under Bankruptcy Rule 2002.

      The trustee has objected to the debtor's exemption of their 24 foot enclosed trailer under Minn. Stat. Section 550.37(12a) on the basis that it is not a motor vehicle. The term motor vehicle is not defined in Section 550.37 of Minnesota Statutes.

      Looking to other Minnesota Law, Chapter 168 addresses vehicle registration, taxation and sales. Within Chapter 168 is Section 168.002 its definition section. The trustee cites subdivisions 18 and 35 within Section 168.002 for guidance as to whether a trailer can be considered a motor vehicle under Minnesota law. Subdivision 18 defines "Motor Vehicle" as, "any self-propelled vehicle designed and originally manufactured to operate primarily on highways, and not operated exclusively upon railroad tracks. It includes any vehicle propelled or drawn by a self-propelled vehicle...". The definition includes anything that can be drawn by a self-propelled vehicle which would encompass an enclosed trailer meant for highway use which is what the debtors seek to exempt.

      Subdivision 35 defines "Trailer" and its definition refers to "any vehicle designed for carrying property or passengers on its own structure and for being drawn by a motor vehicle." The remainder of the definition distinguishes trailers from truck-tractor semitrailer combinations. Section 35's definition of trailer seems to be meant to distinguish trailers from semitrailer combinations rather than exclude trailers from their definition under Subdivision 18 as motor vehicles.

      The trustee also cited Chapter 65B which addresses Minnesota Automobile Insurance. Section 65B.43(2) constitutes the definition section of Chapter 65B and defines a "motor vehicle" as every vehicle, other than motorcycles, ... which is required to be registered under

chapter 168...and includes a trailer with one or more wheels, when the trailer is connected to or being towed by a motor vehicle."

Trailers must be registered under Chapter 168, as any other titled vehicle under Minnesota law, and are included in the definition of motor vehicle for automobile insurance purposes. The Minnesota Supreme Court in North River Ins Co. v Dairyland Ins Co held that a trailer is a motor vehicle for insurance coverage purposes when it is attached to a motor vehicle. North River Ins Co v Dairyland Ins Co, 346 N.W.2nd 109, 116 (Minn.1984).

Under Minnesota law, liens against trailers cannot be perfected under Article 9 of the UCC since trailers are registered for over the road use like other motor vehicles. Minn. Stat. Section 168A.17  Rather, a lien against a trailer must be perfected on its title like any other motor vehicle.

All the Minnesota statutes cited by the trustee in his objection to the debtors' exemption include trailers under the definition of a motor vehicle. The only case law cited by the trustee that holds that a trailer is not a motor vehicle addresses an Ohio Statute and not Minnesota law. The debtors believe that their 24 foot enclosed trailer is exempt under Minn. Stat. Section 550.37(12a), and request an evidentiary hearing to prove that their exemption is proper.

Dated: February 12, 2025                Velde Moore, Ltd.

                                          /e/ Logan Moore, #312083
Attorney for the Debtors
1118 Broadway
Alexandria, MN 56308
(320) 763-6561

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In RE:

| | |
|---|---|
| Kelly D. Jull | Bky Case No. 24-60507 |
| Heather S. Jull | Chapter 7 Case |

        Debtor(s).

## UNSWORN CERTIFICATE OF SERVICE

      The undersigned, of the City of Alexandria, County of Douglas, in the State of Minnesota, states that on Wednesday, February 12, 2025, she filed a Response to Trustee's Objection to Exemption with the US Bankruptcy Court. All parties receiving electronic service were served by the Court upon the filing of the document. The following parties were served by mail by enclosing a true and correct copy thereof, in an envelope, with first class postage prepaid, and depositing the same in the post office at Alexandria, Minnesota, addressed as follows: NONE

                                                /e/ Kathy Stueve
                                                Assistant to Logan Moore
                                                1118 Broadway
                                                Alexandria, MN 56308
                                                320-763-6561