UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Kelly D. Jull,
Heather S. Jull,

Debtors.

Chapter 7
Case No. 24-60507

**TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF
OBJECTION TO EXEMPT PROPERTY**

Gene W. Doeling, attorney representing the bankruptcy trustee in this case, submits this supplemental brief in support of trustee's objection to debtors' claim of exemptions.

## FACTS

1.  The petition commencing this Chapter 7 case was filed on October 29, 2024. The meeting of creditors was held on December 23, 2024. The case is now pending in this Court.

2.  The debtors in their amended schedules seek to exempt a 24 foot non-motorized cargo trailer claiming that it is a motor vehicle that can be exempted under Minn. Stat. § 550.37(12)(a). This exemption statute does not provide a definition of a motor vehicle. The 24 foot trailer is valued by the debtors at $10,000, and is not motorized.

## LAW AND ARGUMENT

**A. Under Minn. Stat. § 550.37 Subd. 12a, "Motor Vehicle" is Not a Vague Term**

3.  Minn. Stat. § 550.37 Subd. 12a provides that a debtor may exempt "one motor vehicle, to the extent of a value not exceeding $10,000". Debtors claim that the term motor vehicle is vague or ambiguous and turn to other Minnesota statutory law in an attempt to have their trailer

qualify as a motor vehicle that can be exempted under section 550.37. Although Minn. Stat. § 550.37 does not define "motor vehicle", it is not an ambiguous term. It is only appropriate to apply statutory definitions from one code provision to another code provision if ambiguity exists. See Mathison v. Webb (In re E.M.B.), 987 N.W.2d 597 (Minn. App. 2023). Additionally, when interpreting statutes, the primary objective is to ascertain and effectuate the intention of the legislature. Minn. Stat. § 645.16; Cocchiarella v. Driggs, 884 N.W.2d 621, 624 (Minn. 2016). If the words of a statute are clear and unambiguous, they should be applied as written without adding or omitting any words. Id. If a statute is silent on an issue, it does not necessarily render the statute ambiguous unless the silence leads to more than one reasonable interpretation. STRIB IV, LLC v. Cnty. of Hennepin, 886 N.W.2d 821, 824 (Minn. 2016); Premier Bank v. Becker Dev., LLC, 785 N.W.2d 753, 759 (Minn. 2010); In re E.M.B., 987 N.W.2d at 600. In construing the meaning and scope of a statute, the statute's words are given their common and approved usage, or their plain and ordinary meaning. STRIB IV, LLC v. Cnty. of Hennepin, 886 N.W.2d at 824 (citing Chapman v. Comm'r of Revenue, 651 N.W.2d 825, 831 (Minn. 2002)); In re E.M.B., 987 N.W.2d at 599. Courts are not permitted to add words or meanings to a statute that were intentionally or inadvertently omitted by the legislature. In re E.M.B., 987 N.W.2d at 601 (citing Genin v. 1996 Mercury Marquis, 622 N.W.2d 114, 117 (Minn. 2001)).

4.  Minn. Stat. § 550.37 Subd. 12a allows the debtor to exempt one motor vehicle up to a value not exceeding $10,000. The term "motor vehicle" is unambiguous and should be interpreted according to its plain and ordinary meaning, and not by reference to those statutory definitions contained in Chapter 168 or other Chapters of Minnesota Statutory law. The statute does not allow the debtor to exempt any vehicle, instead it specifically identifies the exemption for one motor vehicle. Therefore, Minn. Stat. § 550.37 Subd. 12a applies only to "motor vehicles",

which contemplates that the vehicle must have some independent source of power for its movement. Accordingly, since the Debtors' trailer does not have a motor for propulsion, is unable to propel itself independently and is designed to be towed by a motor vehicle, it does not fit the plain and ordinary meaning of the term "motor vehicle" and cannot qualify for exempt status as such under Minn. Stat. § 550.37 Subd. 12a. See In re Likes, 406 B.R. 749, 754 (Ohio Bankr. 2009) ("adopting the Debtor's position, that his trailer qualifies as a motor vehicle, would effectively render the word "motor" superfluous"). Since the term "motor vehicle" is not vague and should be defined as a vehicle with a motor, the Court does not need to look to other statutes to define.

5. Further, holding that the term "motor vehicle" is not vague would not run afoul with the purpose of Minn. Stat. § 550.37 Subd. 12a, but rather would limit its breadth to the function for which it was intended. Exempting an interest in a motor vehicle, "was meant to afford a debtor with the means by which to retain a mode of transportation for life's necessities - *e.g.,* going to work, purchasing necessities and transportation for the health care needs of the debtor and his family. A trailer does not serve this function." In re Likes, 406 B.R. at 756; see also In re Semrau, 187 B.R. 96, 98 (Bankr. W.D. N.Y. 1995) ("The legislature designed the motor vehicle exemption to protect the means of basic travel that typical debtors require to assure their fresh start. Snowmobiles fail to fulfill that purpose"). While bankruptcy exemptions are meant to be construed liberally in favor of the debtor, they "should not be employed to benefit persons who do not fall within purview of their intended reach." Id. Therefore, this Court should find that the 24 foot trailer that the debtors seek to exempt does not qualify as a motor vehicle for exemption purposes because it does not fulfill the purpose of providing a basic means of traveling for the debtors to ensure their fresh start.

**B. A Trailer Does Not Fall Within the Definition of a "Motor Vehicle"**

6. In the alternative, if the Court does feel the term "motor vehicle" is vague, the Court should consider the doctrine of *pari materia* when looking to other statutes to clarify the definition of a motor vehicle. The doctrine of *pari materia*, which literally means "on the same subject", holds that different statutes should be read together only when they address the same or a similar subject matter. In re Likes, 406 B.R. at 755; See In re Gilica, 530 B.R. 429, 2015 Bankr. LEXIS 1598 (Bankr. N.D. Ohio 2015) (The statutory definition the debtors cited governed taxation and was inapplicable to exemptions claimed by debtors who were in bankruptcy).

7. Statutes will not be regarded as relating to the same or a similar subject matter if they have no common purpose and scope. Id. It is only appropriate to apply statutory definitions from one code provision to another code provision if the law is silent on the issue, provided that the statutes in question relate to the same subject matter or have a common purpose. In re E.M.B., 987 N.W.2d at 600.

8. Debtors cite Minnesota Statutory Law, Chapter 168, looking to define motor vehicle. Under Minn. Stat. § 168.002 Subd. 18(a), motor vehicle is defined as:

> "Motor vehicle" means any self-propelled vehicle designed and originally manufactured to operate primarily on highways, and not operated exclusively upon railroad tracks. It includes any vehicle propelled or drawn by a self-propelled vehicle and includes vehicles known as trackless trolleys that are propelled by electric power obtained from overhead trolley wires but not operated upon rails.

9. This definition is inapplicable as it is unrelated to the same subject matter nor does it have a common purpose as Minn. Stat. § 550.37(12)(a), the statute that the debtors seek to exempt the trailer under. The purpose of Minnesota Statutory Law, Chapter 168 is vehicle registration, taxation, and sales. Further, the definition provided by Minn. Stat. § 168.002 Subd. 18 includes any vehicle held or drawn by a self-propelled vehicle. "Vehicle" is defined separately

by Minnesota Statutory Law, Chapter 168 as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway" and does not include "vehicles not originally constructed primarily for use on public roads and highways." Minn. Stat. § 168A.01 Subd. 24. A trailer fits within this definition of a vehicle and does not become a motor vehicle until it is being drawn or towed. A motor vehicle, on the other hand, must actually have a motor and be self-propelled. Further, Minn. Stat. § 168.002 Subd. 18 limits motor vehicles being propelled or drawn to trackless trolley's, and could have added additional things such as trailers if it wanted to but it did not.

10. It is also clear that a trailer is not a motor vehicle under Minnesota Statutory Law, Chapter 168 as it is defined in its own section. See Minn. Stat. § 168.002 Subd. 35. The definition of a trailer under Minn. Stat. § 168.002 Subd. 35 is:

> "Trailer" means any vehicle designed for carrying property or passenger on its own structure and for being drawn by a motor vehicle but shall not include a trailer drawn by a truck-tractor semitrailer combination, or an auxiliary axle on a motor vehicle which carries a portion of the weight of the motor vehicle to which it is attached. For the purpose of registration, trailers coupled with a truck-tractor, semitrailer combination are semitrailers.

11. Next, debtors argue that since trailers must be titled under Chapter 65B, they somehow qualify as a motor vehicle for exemption purposes. Under the Minnesota no-fault law, Minn. Stat. § 65B.43 Subd. 2, a motor vehicle is defined as:

> every vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) is required to be registered pursuant to chapter 168, and (b) is designed to be self-propelled by an engine or motor for use primarily upon public roads, highways or streets in the transportation of persons or property, and includes a trailer with one or more wheels, when the trailer is connected to or being towed by a motor vehicle.

12. Again, this definition is inapplicable as it is unrelated to the same subject matter nor does it have a common purpose as Minn. Stat. § 550.37(12)(a), the statute that the debtors seek

- 5 -

to exempt the trailer under. The purpose of Minnesota Statutory Law, Chapter 65B is automobile insurance. The definition provided by Minn. Stat. § 65B.43 Subd. 2 includes a trailer with one or more wheels, only when the trailer is connected to or being towed by a motor vehicle. This means that the trailer does not become a motor vehicle until it is being drawn or towed. Thus, the debtors cannot turn their trailer into a motor vehicle that could be exempted under the statute unless it was permanently attached to their motor vehicle.

13. Although the monetary amount of the exemption varies, Ohio's motor vehicle exemption statute is nearly identical to Minnesota's motor vehicle exemption statute. Compare ORC Ann. 2329.66(2) (A debtor may exempt "[t]he person's interest, not to exceed three thousand two hundred twenty-five dollars, in one motor vehicle"), with Minn. Stat. § 550.37(12)(a) (A debtor may exempt "one motor vehicle, to the extent of a value not exceeding $10,000"). The Ohio Bankruptcy Court held that definition of motor vehicle under the exemption statute, was properly read not to include as an exempt vehicle a trailer even though other parts of Ohio's statutory law did define certain trailers as motor vehicles for regulatory purposes governing the operation of vehicles. In re Likes, 406 B.R. at 755. The Court reasoned that the statutes should not be read in *pari materia*, as they had no common purpose or scope. Id. Since the motor vehicle exemption statutory provisions are similar, this Court should hold that a trailer does not qualify as a motor vehicle for exemption purposes even though other provisions of Minnesota statutory law could be interpreted to include a trailer as a motor vehicle for purposes unrelated to exemptions, similar to In re Likes.

14. It is clear that a trailer the debtor suggests is exempt as a motor vehicle under section 550.37, does not fulfill the purpose of ensuring the debtor's fresh start by having transportation and in no way assists the debtor in obtaining a fresh start, other than being able to retain more

assets than what the Legislature intended when it created the exemption statutes. The statutory definitions provided by the debtors are inapplicable here, via the doctrine of *pari materia*. Further, the statutes provided do not include trailers in their definitions of a motor vehicle. Therefore, the debtors' trailer cannot be exempted as a motor vehicle.

## CONCLUSION

15. The Trustee requests that the Court disallow the debtors' exemption claim in the 24 foot enclosed trailer under Minn. Stat. § 550.37(12)(a).

Dated this 17th day of March, 2025.           */s/ Gene W. Doeling*
         Gene W. Doeling (MN Atty. ID 242329)
         Taylor Kuznia (MN Atty. ID 505878)
         KALER DOELING, PLLP
         Attorneys for Bankruptcy Trustee
         3429 Interstate Blvd. South
         P.O. Box 9231
         Fargo, ND 58106-9231
         (701) 232-8757
         gene@kaler-doeling.com
         taylor@kaler-doeling.com