UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                             Chapter 7
    Kelly D. Jull,                                             Case No. 24-60507
    Heather S. Jull,

        Debtors.

## DEBTORS' BRIEF

TO:     The United States Bankruptcy Court, the United States Trustee, the Chapter 7 Trustee, and all parties who have requested notice under Bankruptcy Rule 2002.

**Can the debtors exempt their enclosed trailer under Minn. Stat. § 550.37(12a)?**

        The term "motor vehicle" is not defined within Minn. Stat. § 550.37. There seems to be no case law in either the Bankruptcy Courts or Minnesota State Courts interpreting whether a trailer would be exempt from creditors under Minn. Stat. § 550.37(12a). It would seem that whether a trailer can be exempted as a "motor vehicle" under Minn. Stat. § 550.37(12a) is a question of first impression.

        When faced with a question of first impression, it seems reasonable for courts to look to other Minnesota statutes which define what a motor vehicle is for guidance. Within the Minnesota exemption statute, Section 550.37(12) addresses the exemption of manufactured homes and directs the reader to Minn. Stat. § 168.002(16) for the definition of a "manufactured home". It would seem that Minnesota lawmakers recognize a connection between § 550.37 and §168.002 which governs vehicle registration, taxation, and sales. The vehicle registration statute defines a motor vehicle as: "any self-propelled vehicle designed and originally manufactured to operate primarily on highways, and not operated exclusively upon railroad tracks. It includes any vehicle propelled or drawn by a self-propelled vehicle...including trackless trolleys." Minn. Stat. § 168.002(18)(a)  A plain reading of this definition would include items such as cars, trucks and vans which are self-propelled vehicles primarily manufactured for highway use, but the legislature included within the definition items designed to be "drawn by a self-propelled vehicle" which would logically include trailers, since trailers are also manufactured to be drawn primarily on highways.

Within Minn. Stat. § 168.002 subdivision (35) defines a trailer as, "any vehicle designed for carrying property or passenger on its own structure and for being drawn by a motor vehicle...". The separate definitions of trailer and motor vehicle do not necessarily exclude trailers from falling under the definition of a motor vehicle. The definitions found in Section 168.002 have numerous independent definitions for items that also fall within the definition of a motor vehicle. Section 168.002(2) defines all-terrain vehicles that, if owned by a disabled person, can be considered a motor vehicle under, see Section 168.002(18(b). Other examples include Section 168.002(21b) which defines a "one ton pickup truck", Section 168.002(24) defines a "passenger automobile", Section 168.002(26) defines a "pickup truck", and Section 168.002(37) defines a "truck". It would be nonsensical to argue that these separate definitions exclude all-terrain vehicles, one ton pickup trucks, passenger automobiles, pickup trucks and trucks from the definition of motor vehicles due to their separate definitions. Therefore, a separate definition of a "trailer", within Section 168.002, does not exclude a "trailer" from falling under the definition of a motor vehicle either. Furthermore, the plain language of the definition for "motor vehicle" includes anything that can be drawn by a self-propelled vehicle which is manufactured for highway use, the best example being a trailer, see Section 168.002(18).

The last definition in Section 168.002 is the definition of a "vehicle", see Subd. 42. The definition refers the reader to the definition of a "vehicle" under subdivision (24) of Section 168A.01. Section 168A governs vehicle titles under Minnesota law. Under subdivision (24), " a vehicle means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." see, Section 168A.01(24). Within this subdivision, the term vehicle excludes; "devices moved by human power or used exclusively upon stationary rails or tracks; vehicles not originally constructed primarily for use on public roads or highways, and motorized bicycles", see Section 168A.01(24)(b). The exclusions from the definition of "vehicles" do not mention trailers and the definition of a "vehicle" specifically includes "devices that may be drawn upon a highway", see Section 168A.01(24). Under a plain reading of the statute, trailers are included as vehicles under Section 168A.01(24)..

Section 168A also governs how security interests are perfected on vehicle titles. All cars, trucks, vans, and trailers in Minnesota have a certificate of title assigned to them by the State of Minnesota. If a lender wishes to take a lien against any vehicle used primarily for highway use,

the lender must list its lien on the certificate of title, see Section 168A.17. If a lender files a UCC with the Minnesota Secretary of State to perfect a lien against a car or trailer it would be ineffective, see Section 168A.22.

When looking at automotive insurance under Minnesota law, a motor vehicle is defined as; "every vehicle, other than motorcycles, ... which is required to be registered under chapter 168...and includes a trailer with one or more wheels, when the trailer is connected to or being towed by a motor vehicle." Minn. Stat. § 65B.43(2). The Minnesota insurance definition statute refers back to Section 168 which governs vehicle registration.

All three sections of Minnesota law, Section 168, 168A, and 65B, are interconnected and cross reference one another within their separate sections. Minnesota law draws no distinction between cars, trucks, vans or trailers when it comes to registration, taxation, sale, titles, insurance, and the perfection of security interests. In every instance a trailer is treated as a motor vehicle under Minnesota vehicular and insurance law and should be treated as a motor vehicle as well under Minn. Stat. Section 550.37(12a). The debtor's exemption of his enclosed trailer, as a motor vehicle, should be sustained by the Court as consistent with existing Minnesota law.

Dated: March 17, 2025                 Velde Moore, Ltd.

                                                    Logan Moore, #312083  
                                                    Attorney for the Debtors  
                                                    1118 Broadway  
                                                    Alexandria, MN 56308  
                                                    (320) 763-6561