UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                  Chapter 7
       Kelly D. Jull,                                        Case No. 24-60507
       Heather S. Jull,

            Debtors.

## DEBTORS' REPLY BRIEF

TO:     The United States Bankruptcy Court, the United States Trustee, the Chapter 7 Trustee, and all parties who have requested notice under Bankruptcy Rule 2002.

        The Trustee heavily cites to the In re Likes case in support of his position that the debtor's trailer should not be exempt as a motor vehicle under Minn. Stat. § 550.37(12a), see generally In re Likes, 406 B.R. 749 (Bankr. N.D. Ohio 2009). The debtors concede that the Likes case has similar facts, but the exemption statutes differ between Ohio and Minnesota.

        The Likes court ruled that even though the Ohio vehicle registration statute would include trailers under its definition of a motor vehicle that the Ohio vehicle registration and exemption statutes served separate functions and should not inform one another, see Likes at 755. Notwithstanding the Ohio vehicle registration definition of "motor vehicle", the Likes court decided that the plain meaning of the term "motor vehicle" did not include trailers for the purposes of the Ohio motor vehicle exemption statute, see Likes at 756.

        Unlike Ohio, and the Likes case, the Minnesota exemption (§550.37) and vehicle registration (§168.002) statutes are linked. Section 550.37(12) defines manufactured homes as: "a manufactured home, as defined by 168.002, subdivision 16, which is actually inhabited as a home by the debtor." The Minnesota legislature incorporated the definition section of the vehicle registration statute into the exemption statute. More directly, within 550.37(12a) are references to sub-divisions (2) and (3) Minn. Stat. § 169.345 which addresses driving regulations for disabled drivers. The motor vehicle exemption statute directs the reader to look to Section § 169.345 for a definition of a disabled/debtor driver to determine monetary exemption limits. The Minnesota legislature clearly incorporated definitions from Minn. Stat. §§ 168.002 & 169.345 in the exemption statute being utilized by the debtor.

As a result, the analysis in the Likes case is not analogous to the legal question before this Court given that fact that, unlike the Ohio legislature, the Minnesota legislature directly referenced the Minnesota vehicle registration statutes to help define the availability and limits for Minnesota statutory exemptions.

The Minnesota legislature did not define what a motor vehicle is under Section 550.37, but does define the term in Sections 168, 168A, and 65 of Minnesota law which would include a trailer under the definition of a motor vehicle. For the sake of statutory consistency, a trailer should be held to be a motor vehicle under Section 550.37 and the debtor's claimed exemption of his trailer should be allowed.

Dated: March 24, 2025               Velde Moore, Ltd.

                                    Logan Moore, #312083
                                    Attorney for the Debtors
                                    1118 Broadway
                                    Alexandria, MN 56308
                                    (320) 763-6561

W:\2024\24-332\Objection to Exemption Response 2-12-25\Reply Brief.wpd