UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Kelly D. Jull and
Heather S. Jull,

    Debtors.

Case No. 24-60507

Chapter 7

# MEMORANDUM DECISION

Before the Court are two motions by chapter 7 trustee Gene Doeling regarding debtors' 24-foot trailer (trailer). The first is an objection to debtors' claimed exemption in the trailer under Minn. Stat. 550.37 Sec. 12a, and the second is a turnover motion for the same trailer. ECF Nos. 19–20. Debtors objected to both motions. ECF Nos. 24–25. The Court held oral argument on February 26, 2025, and noted appearances on the record. Following the close of argument, the Court requested the parties to file supplemental briefing and photos of the trailer. The parties complied with these requests, and this matter was taken under advisement. ECF Nos. 30, 32-34.

This memorandum decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P. 9014. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding per 28 U.S.C. § 157(b)(2)(B), (E), and (O).

For the reasons stated herein, the trustee's objection to the debtors' claim of exemption is **SUSTAINED** and trustee's turnover motion is **GRANTED**.

## BACKGROUND

On October 29, 2024, the debtors filed chapter 7 bankruptcy electing Minnesota exemptions under 11 U.S.C. § 522(b)(1) and Minn. Stat. § 550.37 (2024). Debtors own a 24-foot trailer. This trailer is a non-motorized enclosed cargo trailer with a hitch for towing. ECF No. 30. In their amended Schedule C, debtors seek to exempt the trailer, under Minn. Stat. § 550.37 Subd. 12a(1), for exemption of motor vehicles at the maximum exemption limit of $10,000.00. ECF No. 18; Minn. Stat. § 550.37 Subd. 12a(1). The parties' dispute revolves around whether the trailer falls under the definition of motor vehicle in the exemption statute.

## ANALYSIS

When debtors file bankruptcy in Minnesota, they may choose to elect either federal exemptions or those under Minnesota statutory law. In re Johnson, 509 B.R. 213, 215(8th Cir. BAP, 2014). "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." Minn. Const. art. I, § 12. The amount and specifics of these exemptions are detailed in Minn. Stat. § 550.37. Personal property exemptions under Minnesota law are to be construed liberally in favor of the debtors. In re Hardy, 787 F.3d 1189, 1192 (8th Cir. 2015); see also DeCoster v. Nenno, 213 N.W. 538, 539 (Minn. 1927). The trustee has the burden to demonstrate that a claimed exemption is improper. Fed. R. Bankr. P. 4003(c).

Minnesota Statutes § 550.37 Subd. 12a provides that a debtor may exempt "one motor vehicle, to the extent of a value not exceeding $10,000." Minn. Stat. § 550.37 Subd. 12a(1). The Minnesota Exemption statute does not define the term "motor vehicle." The debtors argue that because the section does not define the term "motor vehicle" this Court should look to other sections of the Minnesota Statutes to determine whether their trailer can be exempted as a motor

2

vehicle. The trustee argues that the exemption statute is not ambiguous, and that under the plain language of the statute the trailer is not a motor vehicle.

This Court must look to Minnesota law when interpreting the language of a Minnesota statute. See Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Federal Courts "must predict, to the best of our ability, how the Supreme Court of Minnesota would decide the case". Olson v. Push, Inc., 640 F. App'x 567, 569 (8th Cir. 2016). The goal of statutory interpretation "is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2024). "Unless it directly conflicts with federal law, when a debtor relies upon state law to claim an interest in property exempt, that state's law is applied when determining the debtor's eligibility for the exemption." Sholdan v. Dietz, 108 F.3d 886, 888 (8th Cir.1997).

The first step in statutory interpretation is to determine whether the language of the statute is unambiguous. State v. Boss, 959 N.W.2d 198, 203 (Minn. 2021). The language of a Minnesota statute is unambiguous if it is susceptible to only one reasonable interpretation. Id. To determine whether the language of a statute is subject to more than one reasonable interpretation, courts look to the canons of interpretation in Minn. Stat. § 645.08 (2024). If this Court concludes that the language of a statute is subject to only one reasonable interpretation, I must apply the statute's plain meaning. State v. Overweg, 922 N.W.2d 179, 183 (Minn. 2019).

Minnesota Statute § 550.37 does not define the term motor vehicle. Courts must construe words and phrases according to their common usage. Minn. Stat. § 645.08(2024). In determining the plain and ordinary meaning of a word or phrase, courts may consider dictionary definitions. State v. Jama, 923 N.W.2d 632, 636 (Minn. 2019). Commonly-used dictionaries all define the term "motor vehicle" in a nearly identical manner. According to Oxford Dictionaries a motor vehicle is "a road vehicle powered by an internal combustion engine or other motor." Oxford Dictionaries

3

Oxford University Press.[1] Merriam-Webster's Unabridged Dictionary defines motor vehicle as "an automotive vehicle not operated on rails especially one with rubber tires for use on highways." Merriam-Webster's Unabridged Dictionary.[2] Automotive is defined as "containing within itself the means of propulsion: self-propelling." Id.[3]

Under all of these definitions a motor vehicle must have some manner of self-propulsion. Therefore, it is unambiguous that in order for a vehicle to be exempted as a "motor vehicle" under Minn. Stat. § 550.37 Subd.12a, it must have a means of self-propulsion. The trailer at issue here has no motor or mechanism for self-propulsion. It is a common box trailer that is designed to be pulled by a motor vehicle via a trailer hitch. ECF No. 30.

The debtors encourage this Court to look to other statutes and use the canon of in *pari materia* to define the term "motor vehicle." This extrinsic canon allows the Court to look to statutes with common subject matter and common purposes and construe them together to determine the meaning of ambiguous statutory language. State v. Thonesavanh, 904 N.W.2d 432,437 (Minn. 2017). However, this canon is used only after a statute has been determined to be ambiguous. See Stat v. Lucas 589 N.W.2d 91, 94 (Minn. 1999). Because this Court finds the term "motor vehicle" to be unambiguous, the plain language applies, and I will not apply additional canons of construction.

---

[1] https://premium.oxforddictionaries.com/definition/american_english/motor-vehicle (accessed via Oxford Dictionaries Online on May 12, 2025).
[2] https://unabridged.merriam-webster.com/unabridged/motor%20vehicle (accessed May 7, 2025).
[3] https://unabridged.merriam-webster.com/unabridged/automotive (accessed May 7, 2025).

4

## CONCLUSION

For the foregoing reasons, the trustee's objection to the debtors' claim of exemption is **SUSTAINED** and trustee's turnover motion is **GRANTED**.

Dated: *May 13, 2025*　　　　　　　　　　　　　*s/ Michael E. Ridgway*

　　　　　　　　　　　　　　　　　　　　　　Michael E. Ridgway
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court